Patridge agt. Ford and Norton.

## SUPREME COURT.

PATRIDGE agt. FORD & NORTON.

The costs allowed to the prevailing party in a summary proceeding to recover the possession of land, are merely the fees of those officers who are required to perform the services, such as the judge, sheriff, constable, &c.

Attorneys and counsel fees are not recoverable in such proceeding, against the adverse party.

*Schenectady Special Term, April* 1850. This was a summary proceeding to remove a tenant, instituted in 1850 before the county judge of Essex county. The landlord obtained the usual order for the removal of the tenant, and then caused his costs to be taxed before the county judge. They were taxed on notice to the adverse party, and against his objection, at twenty-nine dollars and ninety-three cents. The costs were made out and taxed according to the fee bill for attorney and counsel in the Supreme Court of 1830 (2 *R. S.*, 632, 633), as far as the services were analagous. There, a retainer of $3·62$\frac{1}{2}$ and attorney and counsel fee on motion at $1·25 each was taxed. The motion is for a retaxation, or for such other relief as the court may see fit to grant. It was insisted on the part of the defendants, that no costs are taxable in this case, but that such costs as are allowed to the officers of the court and who are required to render the services, are recoverable in an action, under the 49th section of the act (2 *R. S.*, 516).

Patridge agt. Ford and Norton.

A. Pond, *for the Motion.*

P. Potter, *for the Plaintiff.*

Willard, Justice.—The fee bill of 1830 provides compensation for services done or performed *in the several courts of law and equity* in this state by the officers thereof, or in any proceeding authorized by law. The 18th section (2 *R. S.*, 633) and the 27th section (*id*, 636) related to the attorney's costs in the Supreme Court and Court of Common Pleas, and contain the list of items allowable to those officers. Those sections were repealed by the law of May 14, 1840 (*L. of* 1840, *p.* 327, 336, §40), and a different rate of fees was prescribed. The latter act moreover, relates only to services hereafter done or performed, *in any court of law in this state, being a court of record.* It does not provide for services rendered in summary proceedings before particular officers. Those proceedings not being required to be conducted by an attorney, have never been supposed to fall within the fee bill, unless the statute which creates them has specially provided to that effect (See Van Hovenburgh vs. Case, 4 *Hill*, 541). The 49th section of the Revised Statutes (2 *R. S.*, 516), allows the prevailing party costs in a summary proceeding to recover the possession of land, and provides that " he may maintain an action for the recovery thereof." This merely relates to the fees of those officers who are required to perform the services, such as the judge, sheriff, constable, &c., but does not embrace any compensation to the attorney and counsel, or to either of them. It is not necessary that these costs be taxed; though it is believed, there is no objection to their being taxed.

The taxation must be set aside, and a retaxation ordered.